

FILED by ____ D.C.
ELECTRONIC

DEC. 10, 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

Case No. _____

## 07-14383-CIV-MOORE/LYNCH

| | |
|---|---|
| ARMANDO MARTINEZ-RAMIREZ, <br> RAMIRO GORDILLO-ALVAREZ, <br> JUAN MANUEL SERRATO-GUZMAN and <br> RIGOBERTO GUZMAN-PEREZ, <br> individually and on behalf of all others <br> similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BENJAMIN M. RAMIREZ and <br> BENJAMIN M. RAMIREZ <br> HARVESTING, INC. <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br> **CLASS ACTION** |

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
COSTS OF LITIGATION, AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1. This is an action by four migrant agricultural workers employed by Defendants Benjamin M. Ramirez and Benjamin M. Ramirez Harvesting, Inc. to harvest citrus fruit in

south-central Florida during the 2006-07 harvest season. The Plaintiffs bring this action to secure and vindicate rights afforded them by the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), the minimum wage provisions of the Florida Constitution, Art.10 § 24, and under state and federal contract law. The representative Plaintiffs assert the foregoing claims on behalf of themselves and all others similarly situated.

2. The Plaintiffs allege that the Defendants failed to pay them minimum wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (hereinafter "FLSA") and the Florida Constitution with regard to their employment. The Plaintiffs also contend that the Defendants violated numerous provisions of the federal regulations governing the temporary foreign agricultural worker program which were incorporated into their work contracts. Among other things, the Defendants failed to provide wage and transportation benefits as required by applicable federal regulations.

3. The Plaintiffs seek an award of money damages and declaratory relief to make them whole for damages suffered due to the Defendants' violations of law.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1331, this action arising under the laws of the United States and presenting state law claims that implicate significant federal issues; by 28 U.S.C. §1337, this action arising under the Acts of Congress regulating commerce; and by 28 U.S.C. §1367, providing supplemental jurisdiction over the common law claims.

-2-

5. This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

6. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

6. The Plaintiffs are citizens of Mexico who were admitted to the United States on a temporary basis pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) to hand-pick citrus fruit during the 2006-07 harvest season. At all times relevant to this action, the Plaintiffs were employed in the production of goods for interstate commerce, within the meaning of the FLSA.

7. Defendant Benjamin M. Ramirez is a resident of Arcadia, Florida. At all times relevant to this action, Defendant Benjamin M. Ramirez was registered and operated as a farm labor contractor in that, for a fee, he recruited, solicited, hired, furnished or employed migrant agricultural workers. Benjamin M. Ramirez is the president and chief operating officer of Defendant Benjamin M. Ramirez Harvesting, Inc. At all times relevant to this action, Defendant Benjamin M. Ramirez managed the day-to-day affairs and acted on behalf of Defendant Benjamin M. Ramirez Harvesting, Inc. At all times relevant to this action, Defendant Benjamin M. Ramirez was an employer of the Plaintiffs and the other class

members within the meaning of the FLSA, 29 U.S.C. § 203(d). At all times relevant to this action, Defendant Benjamin M. Ramirez was an employer of the Plaintiffs and the other class members within the meaning of 20 C.F.R. § 655.100(b).

8. Defendant Benjamin M. Ramirez Harvesting, Inc. is a closely-held Florida corporation headquartered in Arcadia, Florida. At all times relevant to this action, Defendant Benjamin M. Ramirez Harvesting, Inc. was registered and operated as a farm labor contractor in that, for a fee, it recruited, solicited, hired, furnished, or employed migrant agricultural workers.

## CLASS ACTION ALLEGATIONS

9. All claims set forth in Counts II and III are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

10. The Plaintiffs seek to represent a class consisting of all H-2A workers who were employed by the Defendants to pick citrus fruit during the 2006-07 Florida citrus harvest.

11. The class members are so numerous and so geographically dispersed as to make joinder impracticable. The precise number of individuals in the class is known only to the Defendants. However, the class is believed to include over 80 individuals. The class is comprised of indigent migrant agricultural workers who are citizens of Mexico. The class members are not fluent in the English language and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the class

-4-

members makes the maintenance of separate actions by each class member economically infeasible.

12. There are questions of law and fact common to the class. These common legal and factual questions include whether the Defendants breached the terms of their clearance order by failing to provide the class members with wage and transportation benefits as mandated by their employment contract and the federal regulations implementing the H-2A program and whether the Defendants are jointly and severally liable for any such breaches.

13. The Plaintiffs' claims are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members. The Plaintiffs have the same interests as do other members of the class and will vigorously prosecute these interests on behalf of the class.

14. The Plaintiffs will fairly and adequately represent the interests of the class. The Plaintiffs' interests are in no way antagonistic or adverse to those of the other class members.

15. The Plaintiffs' counsel is experienced in actions by H-2A workers to enforce their rights under their employment contracts and has handled numerous class actions in the federal courts. The Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

16. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

   a. The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of

-5-

        members of the class in individually controlling the prosecution of separate actions;

b.    Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.    There has been no litigation already commenced against the Defendants by the members of the class to determine the questions presented;

d.    It is desirable that the claims be heard in this forum because the Defendants are residents of this district and the cause of action arose in this district; and

e.    A class action can be managed without undue difficulty because the Defendants have regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the class.

## FACTS

17. Prior to the commencement of the 2006-07 Florida citrus harvest, the Defendants were hired by Consolidated Citrus, Inc. to provide farmworkers to assist in harvesting citrus fruit in Okeechobee, Highlands, Martin, St. Lucie and Indian River Counties.

18. Because of the lack of available documented workers in the area of their operations, the Defendants applied for temporary certification to employ temporary foreign workers.  An agricultural employer in the United States may import aliens to perform labor of a temporary nature if the United States Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the

-6-

employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188 (a)(1). Aliens admitted in this fashion are commonly referred to as "H-2A workers."

19. In order to obtain authorization for the admission of H-2A workers for the 2006-07 citrus harvest, the Defendants first filed a temporary labor certification application with the United States Department of Labor pursuant to 20 C.F.R. §§ 655.101(a)(1) and (b)(1). This application included a written job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations, which was to be used in the recruitment of both U.S. and H-2A workers. 20 C.F.R. § 655.101(b)(1).

20. Most of the job terms contained in the Defendants' clearance order were dictated by federal regulations that establish the minimum benefits, wages, and working conditions that must be offered in order to avoid adversely affecting similarly-situated U.S. workers. 20 C.F.R. §§ 655.0(a)(2), 655.102(b), and 655.103. Among these terms were the following:

    a.    An assurance that the Defendants would pay all workers at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period. 20 C.F.R. §§ 655.102(b)(9)(i) and (ii). The applicable adverse effect wage rate for Florida was $8.56 per hour throughout the 2006-07 Florida citrus harvest;

    b.    An assurance that the Defendants would keep accurate and adequate records with respect to the workers' earnings. 20 C.F.R. § 655.102(b)(7)(i);

    c.    An assurance that on each pay day, the Defendants would provide to every

        worker a statement of hours worked and earnings showing the hours of work offered, the hours actually worked, the piece-work units produced daily and the wages paid; and.

d.     An assurance that the Defendants would abide by the requirements of 20 C.F.R. § 653.501(d)(4), mandating compliance with state minimum wage laws.

21. The United States Department of Labor accepted the Defendants' clearance order as described in Paragraph 20 and circulated it to local job service offices in an effort to recruit U.S. workers to fill the positions offered. When these efforts failed, the Department of Labor certified a shortage of labor and the United States Customs and Immigration Services of the Department of Homeland Security issued H-2A visas to fill the manpower needs described in the Defendants' clearance order.

22. The Defendants recruited and hired the Plaintiffs and the other class members from Mexico to fill the positions offered in the clearance order

23. The clearance orders served as the work contracts between the Defendants and the Plaintiffs and the other class members, pursuant to 20 C.F.R. § 655.102(b)(14).

24. Following their recruitment as described in Paragraph 22, the Plaintiffs and the other class members traveled at their own expense from their respective homes to Monterrey, Nuevo Leon, Mexico to apply for H-2A visas. Each worker paid a fee for issuance of an H-2A visa to obtain employment pursuant to the clearance order, as well as a visa application

-8-

fee. The Plaintiffs and the other class members also purchased passports and photographs, as were required to obtain the H-2A visas.

25. Although they reported to Monterrey on the dates dictated by the Defendants, the Plaintiffs and the other class members had the processing of their visa applications delayed for several days. The Plaintiffs and the other class members obtained lodging at their own expense in Monterrey for the days they were waiting for their visa applications to be processed.

26. After being issued their H-2A visas, the Plaintiffs and the other class members traveled by bus to the Mexico/U.S. border. At the border, the Plaintiffs and the other class members each paid the Immigration and Naturalization Service a fee of $6 for issuance of Form I-94 as a prerequisite for entering the United States.

27. The Plaintiffs incurred subsistence expenses during their travel from their homes to Monterrey and from Monterrey to the Defendants' jobsite in Florida.

28. The expenses incurred by the Plaintiffs and the other class members in preparation for working for the Defendants, as described in Paragraphs 24, 25, 26 and 27, were primarily for the benefit of the Defendants. The Plaintiffs and the other class members were never fully reimbursed for these expenses. Although checks for partial reimbursement were issued to the Plaintiffs and the other class members, the Defendants forced the workers to kick back these reimbursement amounts.

29. The Plaintiffs and the other class members were employed picking oranges with the Defendants' crew, performing the tasks set out in the clearance order.

30. The earnings of the Plaintiffs and the other class members often totaled less than the amount due under the applicable adverse effect wage rate, 20 C.F.R. § 655.102(b)(9). At times, these piece rate earnings were less than the amount due under the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a).

31. The Defendants failed to supplement the piece rate earnings of the Plaintiffs and the other class members as required by the clearance order and 20 C.F.R. § 655.102(b)(9)(ii)(A), so as to ensure that each worker's pay period earnings were at least equal to the adverse effect wage rate.

32. The Defendants failed to supplement the piece rate earnings of the Plaintiffs and the other class members as required by the clearance order and 29 C.F.R. § 776.5, so as to ensure that these workers' pay period earnings were at least equal to the minimum wage required by the FLSA.

33. The Defendants failed to supplement the piece rate earnings of the Plaintiffs and the other class members as required by the clearance order so as to ensure that these workers' pay period earnings were at least equal to the minimum wage required by the Florida Constitution, Article X, Section 24.

## COUNT I

### (FAIR LABOR STANDARDS ACT)

34. This count sets forth a claim for declaratory relief and damages by the Plaintiffs for the Defendants' violations of the minimum wage provisions of the FLSA.

35. The Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay the Plaintiffs at least $5.15 for every compensable hour of work during every workweek each of them was employed during the 2006-07 citrus harvest.

36. The violations of the FLSA as set out in Paragraph 35 resulted in part from the Defendants' failure to supplement the Plaintiffs' piece-rate earnings so that their respective workweek earnings equaled or exceeded the minimum wage.

37. The violations of the FLSA as set out in Paragraph 35 resulted in part from the Defendants' failure to reimburse the Plaintiffs during their first week of employment for expenses incurred and facilities primarily benefitting the Defendants, including the fees and expenses set out in Paragraphs 24, 25, 26 and 27.

38. The violations of the FLSA as set out in Paragraph 35 resulted in part from the Defendants' failure to pay the Plaintiffs and the members of the class their wages free and clear. The Defendants and their agents coerced, pressured, threatened and forced the Plaintiffs and the other members of the class to kick back to the Defendants substantial portions of their earnings, including moneys paid for their pre-employment expenses and moneys paid to boost the workers' piece-rate earnings to the adverse effect wage rate.

-11-

39. As a consequence of the Defendants' violations of the FLSA as set out in this count, each of the Plaintiffs is entitled to his unpaid minimum wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b)

-12-

## COUNT II

### (BREACH OF CONTRACT)

40. This count sets forth a claim by the Plaintiffs and the other members of the class for damages arising from the Defendants' breaches of the employment contract, as embodied in the clearance order.

41. The terms and conditions of employment contained in the clearance order described in Paragraph 20 constituted employment contracts between the Defendant and the Plaintiffs and the other class members, the terms of which are supplied by federal regulations at 20 C.F.R. §§ 653.501, 655.102 and 655.103.

42. The Defendants breached their employment contracts with the Plaintiffs and the other class members by providing terms and conditions of employment that were materially different from those described in the clearance order, including the following:

    a. The workers were not paid at least the applicable adverse effect wage rate for their labor;

    b. The Defendants failed to comply with the minimum wage provisions of the FLSA, an employment-related law, as set out in Count I;

    c. The Defendants failed to comply with the minimum wage provisions of the Florida Constitution, an employment-related law, as set out in Count III, *infra*;

    d. The Defendants failed to keep accurate and adequate records with respect to the workers' earnings, as required by 20 C.F.R. § 655.102(b)(7)(i);

-13-

  e.  The Defendants failed to provide to every worker on each pay day a statement of hours worked and earnings showing the hours of work offered, the hours actually worked, the piece-work units produced daily and the wages paid.

43. The Defendant's breaches of their employment contract with the Plaintiffs and the other class members have caused these workers grave financial and other serious injuries.

## COUNT III

## (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)

44. This count sets forth a claim by the Plaintiffs and the other members of the class for damages arising from the Defendants' violations of the minimum wage provisions of the Florida Constitution.

45. Throughout the period the Plaintiffs and the other class members were employed by the Defendants during the 2006-07 citrus harvest season, the Defendants failed to pay the Plaintiffs and the other members of the class in compliance with the minimum wage provisions of the Florida Constitution, Article 10 § 24. Among other things, the Defendants required the Plaintiffs and the other class members to kick back a portion of their earnings as set out in Paragraph 38.

46. As a result of the Defendants' violations of the minimum wage provisions of the Florida Constitution as described above, each of the Plaintiffs and the other members of the class is entitled to recover the amount of his unpaid minimum wages, and an equal amount as liquidated damages, pursuant to Art. 10 § 24 (e) of the Florida Constitution.

-15-

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court enter an order:

a. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts II and III;

b. Declaring that the Defendants violated the minimum wage provisions of the FLSA, as set forth in Count I;

c. Declaring that the Defendants breached their employment contracts with the Plaintiffs and the other class members as set forth in Count II;

d. Declaring that the Defendants violated the minimum wage provisions of the Florida Constitution, as set forth in Count III;

e. Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, on the Plaintiffs' FLSA claims as set forth in Count I, and awarding each of the Plaintiffs the amount of his unpaid minimum wages and an equal amount as liquidated damages;

f. Grant judgment in favor of the Plaintiffs and the other class members and against the Defendants, jointly and severally, on the contract claims as set forth in Count II and awarding the Plaintiffs and the class members their actual and compensatory damages;

g. Granting judgment in favor of the Plaintiffs and the other class members and against the Defendants, jointly and severally, on the claims under the minimum wage provisions of the Florida Constitution as set forth in Count III, and awarding the Plaintiffs

-16-

and the class members the amount of their respective unpaid minimum wages and an equal amount as liquidated damages;

    g.   Awarding the Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. § 216, Fla. Stat. § 448.08 and Art. 10 § 24 of the Florida Constitution;

    h.   Awarding the Plaintiffs the costs of this action; and

    i.   Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

_____
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:   (561) 582-3921
Facsimile:   (561) 582-4884
e-mail:   Greg@Floridalegal.Org

Attorney for Plaintiffs

**DATED:**   December 10, 2007

℅JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Armando Martinez-Ramirez, Ramiro Gordillo-Alvarez, Juan Manuel Serrato-Guzman and Rigoberto Guzman-Perez

**(b)** County of Residence of First Listed Plaintiff  Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida 33460-3819  (561) 582-3921

**DEFENDANTS**
Benjamin M. Ramirez and Benjamin M. Ramirez Harvesting, Inc.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☒ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

07CV14383 KMM/FJL

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violations of the minimum wage provisions of the Fair Labor Standards Act, 29 USC 206, and regulations governing the temporary alien agricultural worker program, 8 USC 1184
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
Gregory S. Schell
DATE December 10, 2007

FOR OFFICE USE ONLY
AMOUNT 350    RECEIPT # _____    IFP _____